**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 13-131-SDD-SCR |
| | : | |
| JASON LOUIS OWENS | : | |

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**

**NOW INTO COURT** comes the United States of America, by J. Walter Green, Acting United States Attorney for the Middle District of Louisiana, through Assistant United States Attorney Cam T. Le, who respectfully requests the Court give the following pattern and special jury instructions:

**UNITED STATES' SUGGESTED PATTERN FIFTH CIRCUIT JURY INSTRUCTIONS**

1.03   INTRODUCTION TO FINAL INSTRUCTIONS

1.04   DUTY TO FOLLOW INSTRUCTIONS

1.05   PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

1.06   EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

1.07   EVIDENCE – INFERENCES, DIRECT AND CIRCUMSTANTIAL

1.08   CREDIBILITY OF WITNESSES

1.10   IMPEACHMENT BY PRIOR INCONSISTENCIES

1.11   IMPEACHMENT BY PRIOR CONVICTION (DEFENDANT)

1.17   EXPERT WITNESS

1.18   ON OR ABOUT

1.19   CAUTION – CONSIDER ONLY CRIME CHARGED

1.20   CAUTION – PUNISHMENT

1.24    DUTY TO DELIBERATE – VERDICT FORM

1.30    SIMILAR ACTS

1.37    KNOWINGLY–TO ACT

1.39    INTERSTATE COMMERCE – DEFINED

1.40    FOREIGN COMMERCE – DEFINED

1.41    COMMERCE – DEFINED

# UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 1

## RECEIPT OF CHILD PORNOGRAPHY

Title 18, United States Code, Section 2252(a)(2), makes it a crime for anyone to knowingly receive child pornography.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly received a visual depiction;

*Second*: That the visual depiction was of a minor engaged in sexually explicit conduct;

*Third*: That the producing of the visual depiction involved the use of a minor engaged in sexually explicit conduct;

*Fourth*: That the defendant knew that the individual in the visual depiction was a minor; and

*Fifth*: That the visual depiction had been received using any means or facility of interstate or foreign commerce.

AUTHORITY:
18 U.S.C. § 2252(a)(2).

United States v. Kimbrough, 69 F.3d 723, 733 (5th Cir. 1995); United States v. Burian, 19 F.3d 188, 191 (5th Cir. 1994).

Eleventh Circuit Pattern Jury Instruction No. 83.2 (Receiving and Distributing Material Involving Sexual Exploitation of Minors) (18 U.S.C. § 2252(a)(2)) (modified).

**UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 2**

**"SEXUALLY EXPLICIT CONDUCT"**

The term "sexually explicit conduct," as that term has been used from time to time in these instructions, means either actual or simulated:

1. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

2. Bestiality;

3. Masturbation;

4. Sadistic or masochistic abuse; or

5. Lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct, "lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust.

In determining whether a visual depiction constitutes a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. The determination must be made based on the overall content of the material, including the age of the minor. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitals or pubic area. You may consider whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity. In addition, you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual

depiction need not involve all of these factors to be a lascivious exhibition.  Additionally, you are not limited to the above factors in making your determination.

AUTHORITY:

18 U.S.C. § 2256(2)(A).

United States v. Grimes, 244 F.3d 375, 380-381 (5th Cir. 2001).

Adapted from Eleventh Circuit Pattern Jury Instruction No. 82 (Sexual Exploitation of Children Producing Child Pornography) (18 U.S.C. § 2251(a)); No. 83.2 (Receiving and Distributing Material Involving the Sexual Exploitation of Minors) (18 U.S.C. § 2252(a)(2)) (modified).

## UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 3

### "VISUAL DEPICTION"

The term "visual depiction" includes:

1. Data stored on a computer disk or by any other electronic means that can be converted into a visual image; and

2. Data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

AUTHORITY:

18 U.S.C. § 2256(5).

## UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 4

### "PRODUCING"

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising. As it is used here, the term "producing" also includes copying, reproducing, or downloading images onto hard drives, disks, compact discs, and other electronic devices.

AUTHORITY:

18 U.S.C. § 2256(3).

United States v. Dickson, 632 F.3d 186, 189-90 (5th Cir. 2011).

**UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 5**

**"MINOR"**

The term "minor" means any person younger than 18 years old.

AUTHORITY:

18 U.S.C. § 2256(1).

**UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 6**

**"MEANS OR FACILITY OF INTERSTATE OR FOREIGN COMMERCE"**

The term "means or facility of interstate or foreign commerce" includes telephones, cellular telephones, and the internet.

AUTHORITY:

United States v. Marek, 238 F.3d 310, 319-20 (5th Cir. 2001)(holding under 18 U.S.C. § 1958 that a telephone is a facility in interstate or foreign commerce, even if used to make a purely intrastate call).

Adapted from Eleventh Circuit Pattern Jury Instruction No. 92.2 (Coercion and Sexual Enticement of a Minor to Engage in Sexual Activity) (18 U.S.C. § 2422(b)).

**UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 7**

**<u>INFERRING REQUIRED MENTAL STATE</u>**

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

<u>AUTHORITY:</u>

<u>Pattern Jury Instructions</u> (Criminal Cases), Sixth Circuit (1996), Instruction No. 5.06I.

The United States further requests leave of Court to request such other and additional jury instructions as may become appropriate prior to and during the trial.

                                      UNITED STATES OF AMERICA, by

                                      J. WALTER GREEN
                                      ACTING UNITED STATES ATTORNEY

                                      /s/ Cam T. Le
                                      Cam T. Le, BBO 663328
                                      Assistant United States Attorney
                                      777 Florida Street, Suite 208
                                      Baton Rouge, Louisiana  70801
                                      Telephone: (225) 389-0443
                                      Fax: (225) 389-0561
                                      E-mail: cam.le@usdoj.gov

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 13-131-SDD-SCR |
| | : | |
| JASON LOUIS OWENS | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the United States' *Requested Jury Instructions* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the defendant's attorney, Paul H. Scott, by operation of the court's electronic filing system.

Baton Rouge, Louisiana this 4th day of November, 2013.

/s/   Cam T. Le
CAM T. LE
ASSISTANT U.S. ATTORNEY